**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1433**

KHUSRO AFAQ MANSOOR,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 11, 2013        Decided:  January 17, 2013

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Aroon Roy Padharia, Washington, D.C. for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Ada E. Bosque, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khusro Afaq Mansoor, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") finding him removable under 8 U.S.C. § 1227(a)(2)(A)(i) (2006) as an alien convicted of a crime involving moral turpitude. For the reasons discussed below, we dismiss the petition for review.

In 2010, Mansoor was convicted in the Juvenile and Domestic Relations Court of Fairfax County, Virginia, of assault and battery of a family member and malicious destruction or damage of a telephone with the intent to prevent another person from summoning law enforcement. In its decision, the Board found Mansoor removable based on his malicious destruction conviction and thus "[found] it unnecessary to address the immigration consequences of [Mansoor]'s domestic assault and battery conviction."

Mansoor raises three claims in his brief before this court: (1) the Board erred by failing to apply Va. Code Ann. § 19.2-264.2 (2008) in determining whether his malicious destruction conviction constituted a crime involving moral turpitude; (2) the immigration judge committed reversible error in finding that Mansoor's conviction for assault and battery against a family member qualified as a crime involving moral turpitude; and (3) the immigration judge committed reversible

2

error in finding that Mansoor's two convictions, taken together, constituted two crimes involving moral turpitude that did not arise from a single scheme of criminal misconduct.

We have thoroughly reviewed the parties' briefs and the administrative record and conclude we are without jurisdiction to consider Claim 1. Mansoor failed to exhaust his administrative remedies by presenting this claim below. See 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008). As for Mansoor's remaining claims, we find that they fail to properly address the basis for the Board's decision; the Board expressly declined to reach the immigration consequences of Mansoor's domestic assault and battery conviction.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

3